SLUSHER et al., Appellees,

v.

OHIO VALLEY PROPANE SERVICES et al., Appellees;
Palm Harbor Homes, Inc., Appellant.

[Cite as *Slusher v. Ohio Valley Propane Servs.*, 177 Ohio App.3d 852, 2008-Ohio-41.]

Court of Appeals of Ohio,
Fourth District, Pike County.

No. 06CA753.

Decided Jan. 7, 2008.

854

Rourke & Blumenthal, L.L.P., and Kenneth S. Blumenthal, for appellees.

Mahota Law Group and John M. Mahota; Isaac, Brant, Ledman & Teetor and Stephen G. LaForge, for appellees Ohio Valley Propane Services and Delmer Hicks.

Jeffrey M. Smith, for appellees Horizon Propane, L.L.C. and Eaglerock Propane, Ltd.

Bannon, Howland & Dever Co., L.P.A., and Robert R. Dever, for appellee AmeriGas.

Reminger & Reminger Co., L.P.A., Michael Romanello, and Matthew L. Schrader, for appellant.

---

McFARLAND, Judge.

{¶ 1} Defendant-appellant Palm Harbor Homes, Inc. appeals the Pike County Court of Common Pleas' decision allowing the majority of plaintiffs-appellees' claims against it to proceed and staying, pending arbitration, only the consortium claims brought by plaintiff-appellee Shelly Slusher ("Slusher"). Appellant contends that the trial court (1) erred to its prejudice in not staying, pending arbitration, the proceedings as to all of Slusher's claims and (2) erred to its prejudice by singling out and penalizing appellant for exercising its lawful right to an interlocutory appeal.

{¶ 2} After review of the record below, we find that the trial court did not abuse its discretion in staying, pending arbitration, only Slusher's consortium claims against appellant, or in postponing that arbitration until a finding of fault

was made as to the negligence of appellant. Thus, we overrule appellant's first assignment of error. Further, we disagree with appellant's contention that the trial court singled out and penalized it by allowing discovery to proceed regarding claims not subject to arbitration. Additionally, we disagree with appellant's contention that the trial court thereby violated its right to equal protection. Thus, we also overrule appellant's second assignment of error. Accordingly, we affirm the decision of the trial court.

## I.  Facts

{¶ 3} In May 2002, plaintiff-appellee Slusher bought a used mobile home from defendant-appellant Palm Harbor Homes, Inc. This sale included a written agreement between Palm Harbor and Slusher to engage in binding arbitration in the event of "any and all controversies or claims arising out of, or in any way relating to * * * the home which is the subject of the [contract], whether those claims arise from or concern contract, warranty, statutory, property or common law, will be settled solely by means of binding arbitration." Slusher was the sole buyer of the mobile home. Slusher and Palm Harbor were the only signatories to the contract of sale and arbitration agreement.

{¶ 4} Slusher is the mother and custodial parent of two minor children. Slusher and these children lived in the subject manufactured home for approximately two years.

{¶ 5} In October 2004, Slusher replaced her existing propane gas service with one provided by a new company, defendant-appellees Ohio Valley Propane Services, South Shore Gas & Oil, and Delmer Hicks. After the installation of the new propane gas system, a propane gas explosion occurred in the mobile home.

{¶ 6} Norma Slusher was babysitting her grandchildren, Slusher's minor children, in the subject mobile home at the time of the explosion. All three suffered severe burns as a result. Slusher was not present at the time of the explosion.

{¶ 7} Plaintiffs commenced the instant action in the Pike County Court of Common Pleas against defendant-appellant Palm Harbor and defendants-appellees gas companies, as a result of the injuries suffered by plaintiffs-appellees Cassidi Ray, Cameron Ray, and Norma Slusher. The complaint alleges Palm Harbor was negligent in failing to warn Slusher, before the sale, that an uncapped gas line existed inside the mobile home. The individual claims raised in the complaint include claims of negligence by Cassidi Ray, Cameron Ray, and Norma Slusher against Palm Harbor as a result of the injuries they suffered in the explosion; a claim of loss of consortium by Slusher as a result of the injuries suffered by her children, Cassidi and Cameron Ray; claims of loss of consortium by plaintiff Steve Ray as a result of the injuries suffered by his children, Cassidi

and Cameron Ray; a claim of loss of consortium by plaintiff Roger Slusher as a result of the injuries suffered by his wife, Norma Slusher.

{¶ 8} On July 25, 2006, Palm Harbor filed a motion to stay the proceedings pending arbitration, arguing that all of plaintiffs' claims were subject to arbitration pursuant to the arbitration agreement Slusher signed when she purchased the mobile home from Palm Harbor. Palm Harbor specifically requested that the trial court "stay the proceedings of this action (as to Palm Harbor) until arbitration in conformance with the arbitration provision is completed." Plaintiffs filed their memorandum contra to the motion.

{¶ 9} The trial court granted in part and denied in part Palm Harbor's motion for stay. The court held that Slusher was a signatory on the arbitration agreement, and her consortium claims against Palm Harbor were, thus, subject to arbitration. The trial court then postponed the arbitration from proceeding until "following a determination of fault as to Defendant Palm Harbor" and also held that Cassidi Ray, Cameron Ray, Steve Ray, Norma Slusher, and Roger Slusher were not subject to the arbitration agreement entered into between Slusher and Palm Harbor. It ordered that the claims of these plaintiffs were to proceed as scheduled. Further, the trial court held that if an appeal was perfected by Palm Harbor, the appeal would not stay discovery as it related to any claims of any party other than Slusher. This interlocutory appeal was then filed by Palm Harbor.

## II. Assignments of Error

{¶ 10} 1. "In its order filed on September 26, 2006, the trial court erred by not staying (pending arbitration) the proceedings as to all of plaintiff-appellant Shelly Slusher's claims against defendant-appellant Palm Harbor Homes, Inc."

{¶ 11} 2. "In its order filed on September 26, 2006, the trial court erred by singling out and penalizing one named party for exercising its lawful right to an interlocutory appeal."

## III. Standard of Review

{¶ 12} In general, the proper standard of review in Ohio for cases regarding denial of a motion to stay proceedings pending arbitration is abuse of discretion. *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 701 N.E.2d 1040; *Juhasz v. Costanzo* (2001), 144 Ohio App.3d 756, 761 N.E.2d 679; *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004–Ohio–829, 809 N.E.2d 1161. "Generally, absent an abuse of discretion, a reviewing court should not disturb a trial court's decision regarding a motion to stay proceedings pending arbitration." *K.M.P., Inc. v. Ohio Historical Soc.*, 4th Dist. No. 03CA2, 2003–Ohio–4443, 2003 WL 21995291, at ¶ 14.

■ {¶ 13} An abuse of discretion is more than an error of law or judgment. Instead, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Accordingly, we review the trial court's decisions under an abuse-of-discretion standard.

## IV. First Assignment of Error

{¶ 14} Defendant-appellant Palm Harbor claims, as its first assignment of error, that the trial court failed to stay the proceedings as to all of Slusher's claims against it. Palm Harbor presents three issues for review regarding this assignment of error: (1) whether the trial court erred by excluding the majority of plaintiff-appellee Slusher's claims against defendant-appellant Palm Harbor from arbitration, (2) whether the trial court erred by postponing Slusher's consortium claims from arbitration until the trial court makes a determination of fault, and (3) whether the trial court allowed a violation of public policy "by refusing to fully enforce the parties' written arbitration agreement." For the reasons stated below, in each of these issues presented for our review, we fail to find Palm Harbor's arguments persuasive.

{¶ 15} Palm Harbor's first argument is that the trial court failed to send the "majority" of Slusher's claims against it to arbitration. Palm Harbor states that in addition to her consortium claims, Slusher has asserted claims against it for negligence, medical expenses, statutory claims as the custodial parent of her minor children, and attorney fees and punitive damages. Therefore, we must first determine what claims Slusher has asserted against Palm Harbor.

■ {¶ 16} Under Ohio law, a parent has a cause of action for loss of parental consortium against a tortfeasor who injures that parent's minor child. " 'Where a defendant negligently causes injury to a minor child, that single wrong gives rise to two separate and distinct causes of action: an action by the minor child for his personal injuries and a derivative action in favor of the parents of the child for the loss of his services and his medical expenses.' " *Gallimore v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 248, 617 N.E.2d 1052, quoting *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, paragraph three of the syllabus.

{¶ 17} Here, Slusher asserted loss-of-consortium claims for the injuries to her two minor children. These claims are derivative, arising from the underlying negligence claims of her children, Cassidi and Cameron Ray, against Palm Harbor. Slusher and Palm Harbor agree that she is asserting claims for loss of consortium.

■ {¶ 18} However, Palm Harbor also states that Slusher is asserting a personal negligence claim against it. Though Palm Harbor asserts that this personal negligence claim is contained in the plaintiffs' complaint, a review of the complaint does not support this conclusion. A reading of the complaint shows that Slusher only asserted claims for loss of consortium predicated on Palm Harbor's alleged negligence regarding her children. She did not assert an individual negligence claim against Palm Harbor, and the trial court agreed with this position after reviewing the complaint.

■ {¶ 19} Palm Harbor also states that Slusher asserted a separate claim for common-law medical expenses against it as a result of her children's injuries. Palm Harbor argues that *Fehrenbach v. O'Malley*, 113 Ohio St.3d 18, 2007–Ohio–971, 862 N.E.2d 489, supports the position that a claim for medical expenses is separate and independent from a loss-of-consortium claim. It argues that, in *Fehrenbach*, the Supreme Court makes a distinction between loss-of-consortium and medical-expenses claims. However, a closer reading of *Fehrenbach* shows that the Supreme Court simply stated that, prior to 1993, a parental loss-of-consortium claim was generally limited to loss of services and medical expenses, but the claim had since been expanded to allow a parent to recover for the loss of the child's society and companionship. *Fehrenbach* at ¶ 6. Therefore, Slusher's claims for medical expenses are part of her loss-of-consortium claims and not a separate claim for relief.

■ {¶ 20} Next, Palm Harbor argues that the negligence claims of Cassidi and Cameron Ray are subject to arbitration because they are being prosecuted in Slusher's name as the children's custodial parent. Cassidi and Cameron Ray are minor children and under Ohio law, a minor has no standing to sue before reaching the age of majority and must, therefore, sue in the name of a guardian or fiduciary. See Civ.R. 17(B). "The Rule * * * makes clear that where a guardian brings such suit, he is not himself the 'party' but is acting in the 'name' of the 'real party in interest.' " *Boyd v. Edwards* (1982), 4 Ohio App.3d 142, 145, 4 OBR 234, 446 N.E.2d 1151.

{¶ 21} The negligence claims of Cassidi and Cameron Ray against Palm Harbor are being brought in the name of Slusher, as their parent and legal guardian. However, because Slusher is merely the representative for her minor children in this case, the trial court correctly held that the children remain the real parties in interest with respect to their negligence claims. Thus, these claims do not belong to Slusher and are not subject to arbitration.

■ {¶ 22} Finally, Palm Harbor asserts that Slusher alleges a cause of action for attorney fees and punitive damages. "[A]n award of attorney fees is inextricably intertwined with an award of punitive damages." *Griffin v. Lamber-*

*jack* (1994), 96 Ohio App.3d 257, 266, 644 N.E.2d 1087. Under Ohio law, punitive damages do not constitute a separate claim. Rather, it is an issue in the overall damage claim. *Hitchings v. Weese* (1997), 77 Ohio St.3d 390, 391, 674 N.E.2d 688. Therefore, "[p]unitive damages need not be specifically pleaded or claimed." *Lambert v. Shearer* (1992), 84 Ohio App.3d 266, 273, 616 N.E.2d 965. Therefore, Palm Harbor is incorrect in stating that punitive damages and attorney fees are separate causes of action that should have been stayed pending arbitration.

{¶ 23} The trial court found that Slusher has alleged claims only for loss of consortium for the injuries to her minor children. In their brief, plaintiffs specifically state that Slusher is only bringing claims for loss of consortium. Therefore, Palm Harbor's contention that the trial court erred by excluding "the majority" of her claims against it is incorrect. Slusher simply has no other claims against Palm Harbor other than for loss of consortium. Moreover, because Palm Harbor and Slusher were the only signatories to the arbitration agreement, the trial court also correctly held that Slusher's loss-of-consortium claims are the only claims subject to arbitration.

{¶ 24} Palm Harbor next argues that the trial court erred in holding that it will refer Slusher's consortium claims to arbitration only after a determination is made as to the fault of Palm Harbor. Palm Harbor further states that by postponing Slusher's consortium claims, the trial court is in violation of Ohio's arbitration statute. However, we find this argument unpersuasive.

{¶ 25} "It has long been accepted as Ohio law that loss-of-consortium claims are derivative claims, and thus a defense to the underlying action generally constitutes a defense to the loss-of-consortium claims." *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 96, 585 N.E.2d 384. The Supreme Court addressed the nature of loss of consortium and underlying negligence claims in *Fehrenbach*. "The [parents'] damages and [their daughter's] physical injury both derive from the same alleged facts and wrongful acts of defendants. While [the parents'] claim remains independent and separate in the sense that they alone control it, their claim is 'joint and inseparable' from [their daughter's] claim because the [parents] cannot recover damages from defendants if defendants are not found to be liable for [their daughter's] injury." *Fehrenbach,* 113 Ohio St.3d 18, 2007-Ohio-971, 862 N.E.2d 489, at ¶ 21. Therefore, when an underlying negligence claim gives rise to a loss-of-consortium claim, negligence must be found before the consortium claim is actionable.

{¶ 26} Because Slusher's consortium claims are dependent upon her children's negligence claims against Palm Harbor, those negligence claims must be determined before her consortium claims can be heard in arbitration. Until such a determination is made, there is nothing to arbitrate. Plaintiffs have even

admitted that if the negligence claims of Slusher's children fail, there will be no need for Slusher and Palm Harbor to go to arbitration.

{¶ 27} Slusher's children, Cassidi and Cameron Ray, have a right to a trial by jury guaranteed by Section 5, Article I of the Ohio Constitution. Only after a determination is made as to the fault of Palm Harbor in that trial can Slusher's consortium claims be considered. Therefore, the trial court had no choice but to postpone sending her claims to arbitration, pending a determination of the fault of Palm Harbor.

{¶ 28} Palm Harbor next argues that "[g]iven the strong public policy in Ohio for arbitration, it does not follow that the Trial Court chose to stay only Slusher's individual common law loss of consortium claim against Palm Harbor and not (for example) her individual common law negligence claim." We have already stated that the only claims Slusher is asserting are her loss-of-consortium claims for injuries to her children, but we will now address Palm Harbor's assertion that the trial court violated public policy by staying only those claims.

{¶ 29} Palm Harbor correctly states that Ohio has a strong public policy favoring arbitration. Palm Harbor also correctly states that, when arbitration agreements are at issue, there is a strong presumption in favor of arbitration. *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859. This strong public policy in favor of arbitration is codified in R.C. Chapter 2711, which requires a court to stay an action when it involves an issue that was covered by an arbitration agreement. However, the public policy favoring arbitration is not absolute. *West v. Household Life Ins. Co.*, 170 Ohio App.3d 463, 2007–Ohio–845, 867 N.E.2d 868, at ¶ 10. "A presumption favoring arbitration arises *when the claim in dispute falls within the scope of the arbitration provision.*" (Emphasis added.) *Williams* at 471, 700 N.E.2d 859. "Thus, the principle favoring arbitration does not apply when there is a question as to whether the parties before the court are the same as the parties to the agreement to arbitrate." *West* at ¶ 11. "Because an agreement to arbitrate is a matter of contract, the agreement cannot be enforced when the dispute being litigated is not included in the arbitration clause. * * * Even more fundamental than the subject matter of the dispute is whether the parties to the pending litigation are the same parties who agreed to arbitrate in the first place." Id. at ¶ 12.

{¶ 30} Shelly Slusher is not the only plaintiff-appellee in this matter. Cassidi Ray, Cameron Ray, Steve Ray, Norma Slusher, and Roger Slusher each have claims against Palm Harbor. None of these individuals are parties to the arbitration agreement between Slusher and Palm Harbor; thus, none of these individuals agreed to arbitrate. Under Ohio law, only the claims of Slusher are subject to arbitration, and public policy certainly does not require that parties arbitrate when they have not agreed to do so. The trial court properly held that

only Slusher's claims are subject to arbitration and, for reasons stated above, that arbitration was properly postponed until a finding of fault on the part of Palm Harbor. Therefore, the trial court has not failed to fully enforce Slusher and Palm Harbor's arbitration agreement.

{¶ 31} Because the trial court did not err by improperly excluding Slusher's claims from arbitration, or by postponing her consortium claims from arbitration until the trial court made a determination of fault, or by allowing a violation of public policy, we overrule Palm Harbor's first assignment of error.

### V. Second Assignment of Error

{¶ 32} In its second assignment of error, Palm Harbor states that the trial court erred by penalizing it for bringing this appeal. As part of the argument, Palm Harbor states that the trial court violated Ohio's guarantee of equal protection. Palm Harbor contends that the trial court did so by allowing discovery to go forward as it relates to the nonparties to the arbitration agreement and the cross-claims against Palm Harbor by the defendants-appellees. The trial court held that the plaintiffs, other than Slusher, were not bound by arbitration, and their claims could proceed as scheduled, including the process of discovery. Palm Harbor states that "it is intentional discrimination for the Trial Court in this case to expressly single out and name one party for punishment (i.e. lengthy and expensive discovery) for daring to pursue an interlocutory appeal."

{¶ 33} A trial court has broad discretion in managing the discovery process. *Mauzy v. Kelly Servs., Inc.* (1996), 75 Ohio St.3d 578, 592, 664 N.E.2d 1272. "Thus, the standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion." Id. Palm Harbor has not cited, and we are unaware of, any authority stating that a trial court must stay discovery during an interlocutory appeal when parties unaffected by the appeal are involved. Palm Harbor claims that the trial court has somehow singled it out by ordering discovery to go forward in relation to plaintiffs-appellees and defendants-appellees who are not bound by the arbitration agreement. By ordering discovery to go forward in regard to these parties, the trial court has in no way abused its discretion. Furthermore, there is nothing in the record to indicate that the trial court is punishing Palm Harbor for bringing this appeal. Discovery is a necessary process and, regarding those parties not bound by the arbitration agreement, there is no reason to delay it.

{¶ 34} Finally, Palm Harbor argues that the trial court violated its right to equal protection. It cites *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 595 N.E.2d 862, to support its position. "So long as the laws are applicable to all persons under like circumstances and do not subject individuals to an arbitrary exercise of power and operate alike upon all persons similarly situated, it suffices

the constitutional prohibition against the denial of equal protection of the laws." Id. at 288–289, 595 N.E.2d 862, citing *Senior v. Ratterman* (1887), 44 Ohio St. 661, 11 N.E. 321.

{¶ 35} Nothing in the present case is inconsistent with the ruling in *Conley*. Palm Harbor claims that of the ten named defendants, it was singled out for "special treatment." However, Palm Harbor is not similarly situated to the other defendants in this case because it is the only defendant that is a party to the arbitration agreement with Slusher. The arbitration agreement is the crux of this entire matter. Therefore, Palm Harbor is under very different circumstances than the other defendants and has shown absolutely no evidence that the trial court subjected it to an arbitrary exercise of power.

{¶ 36} Palm Harbor gives no further factual analysis or legal support in claiming that the trial court violated its right to equal protection. Ohio courts have held that equal protection claims " 'cannot be given full attention by the courts if they are simply generalized statements * * * without reference to how the conduct of the [governmental body] precisely violates any alleged constitutional rights.' " *Bouquett v. Ohio State Med. Bd.* (1997), 123 Ohio App.3d 466, 473, 704 N.E.2d 583, quoting *McCartney Food Market, Inc. v. Ohio Liquor Control Comm.* (June 22, 1995), Franklin App. No. 94APE10–1576, 1995 WL 373496. Palm Harbor's claim is such a generalized statement. A trial court does not violate a party's equal protection by following Ohio law and ruling against that party.

{¶ 37} Because the trial court did not single out and penalize Palm Harbor by allowing discovery to go forward and did not violate its right to equal protection, we overrule its second assignment of error.

## VI. Conclusion

{¶ 38} In our view, Palm Harbor has failed to prove that the trial court abused its discretion by ordering that this action be stayed only as to the consortium claims of Slusher and in holding that Slusher's consortium claims, for the injuries to her children, should be referred to arbitration following a determination of fault in the underlying negligence claims. Palm Harbor has also failed to prove that the trial court singled it out and penalized it for bringing this appeal. Based on the record below, we conclude that the trial court's actions were not unreasonable, arbitrary, or unconscionable. Accordingly, we affirm the trial court's decision and overrule both of defendant-appellant Palm Harbor's assignments of error.

Judgment affirmed.

ABELE, P.J., concurs.

HARSHA, J., concurs in judgment only as to assignment of error No. 1.