[Cite as *Watson v. Highland Ridge Water & Sewer Assn., Inc.*, 2013-Ohio-1640.]

**IN THE COURT OF APPEALS OF OHIO**
**FOURTH APPELLATE DISTRICT**
**WASHINGTON COUNTY**

| | | |
|---|---|---|
| A.J. WATSON, | : | Case No. 12CA12 |
| Plaintiff-Appellant, | : | |
| v. | : | **DECISION AND** **JUDGMENT ENTRY** |
| HIGHLAND RIDGE WATER & SEWER ASSOCIATION, INC., ET AL. | : | |
| | | **RELEASED 04/10/2013** |
| Defendants-Appellees.[1] | : | |

_____

**APPEARANCES:**

William L. Burton, BURTON LAW OFFICE, LLC, Marietta, Ohio, for Appellant.

Daniel A. Fouss, DAVIDSON, HECKLER, RIGGS & FOUSS, Marietta, Ohio, and W. Charles Curley, WESTON HURD LLP, Columbus, Ohio, for Appellees.

_____

Hoover, J.

I

INTRODUCTION

{¶ 1} Appellant A.J. Watson appeals the trial court's summary judgments which were entered in favor of appellee Highland Ridge Water & Sewer Association, Inc., et al. ("Highland Ridge") and against appellant. For the following reasons, this Court affirms the trial court's granting of the motions for summary judgment in favor of appellee and against appellant.

---

[1] Although the case caption reflects the party "Highland Ridge Water & Sewer Association, Inc., et al." as "Defendants-Appellees," Highland Ridge Water & Sewer Association is a singular defendant-appellee.

{¶ 2}  Appellant A.J. Watson filed two claims against appellee Highland Ridge.  Appellant's first claim alleged that Highland Ridge caused damage to appellant's unoccupied residence when nearly a million gallons of water flowed into the house.  Appellant claimed that extensive water damage was caused as a result of a leak.

{¶ 3}  The second claim made by appellant was one sounding in slander per se.  Appellant claimed that Highland Ridge accused him of "stealing" the water when it reported the theft of the water service to the Washington County Sheriff's Department.

{¶ 4}   In response to appellant's complaint, Highland Ridge filed a counterclaim.  Appellee alleges that the appellant was responsible for the billing for the water use shown on the water meter by virtue of the fact that appellant was the owner of the property.

{¶5}  The Washington County Court of Common Pleas granted summary judgment in favor of appellee on appellant's claims.  The trial court also granted summary judgment in favor of appellee on the counterclaim.

{¶ 6}  Appellant raises the following three assignments of error for review.

First Assignment of Error:

>THE TRIAL COURT ERRED IN FINDING THAT APPELLEE'S
>COUNTERCLAIM WAS PROVED AS TO DAMAGES.

Second Assignment of Error:

>THE TRIAL COURT ERRED REGARDING THE SLANDER, PER SE.

Third Assignment of Error:

THE TRIAL COURT ERRED IN NOT PERMITTING APPELLANT TO

FINISH HIS DISCOVERY.

{¶ 7}   Appellant also argues that the trial court erred in granting summary judgment in favor of

appellee despite making no findings of any kind.  While not formally set forth as an assignment

of error we will address the argument anyway.

II

FACTS & PROCEDURAL POSTURE

{¶ 8}   Highland Ridge is a not-for-profit corporation established under Ohio law for the purpose

of constructing, maintaining, and operating a private water supply and distribution system in

Washington County, Ohio.  Warren Community Water supplies bulk water to Highland Ridge;

and Highland Ridge then resells the water to its members.  Highland Ridge has over 200 miles of

water lines and provides water service to approximately 1,200 customers.  Highland Ridge has

adopted bylaws, rules, and other policies which govern the contractual relations of Highland

Ridge and its members.

{¶ 9}   Appellant is the owner of real property in Washington County for which Highland Ridge

provided water service.  While appellant has not resided in the property since summer 2007, he

remains the owner of the property.  In November 2007, appellant leased the property to William

Thayer.[2]  In accordance with Highland Ridge policy, appellant's account was transferred into

Thayer's name; and Highland Ridge provided water to the account until Thayer vacated the

---

[2]After initially testifying at deposition and by affidavit that the property was leased to Thayer, appellant in his last affidavit in opposition to summary judgment argued for the first time that he entered into a land contract with Thayer.  The record contains a copy of the agreement between Watson and Thayer.  It is clear that the agreement was a lease for a term of sixty months, with an option to purchase the property at the conclusion of the lease term.

property in July 2009. After Thayer vacated the premises, Highland Ridge closed the Thayer account and took a final reading of the water meter. At that time, Highland Ridge padlocked the water meter on appellant's property. Water could not flow onto appellant's property once the meter was padlocked.

{¶ 10} Sometime after the meter had been padlocked, Highland Ridge received a tip that the lock had been removed from the water meter on appellant's property; thus permitting water to once again flow onto the property. This tip prompted a Highland Ridge official to call the sheriff about an apparent theft of water; and various individuals confirmed that the padlock had indeed been removed. The record does not reflect that any representative from Highland Ridge implicated appellant in the alleged theft.

{¶ 11} After discovery of the removal of the padlock, Highland Ridge took another meter reading at the property. Based on the reading, Highland Ridge determined that 980,290 gallons of water had flowed onto appellant's property since the meter had been padlocked in July 2009. Highland Ridge then billed appellant for the usage of the water.

{¶ 12} As a result of the above set forth events, appellant filed his complaint against Highland Ridge for damages for the alleged slander per se, and for damage to a structure on the property that was allegedly caused by the flow of water onto the property. Highland Ridge responded with a counterclaim of its own, for the cost of the water.

{¶ 13} Thereafter, appellee Highland Ridge filed separate motions for summary judgment on both (1) appellant's claims and, (2) appellee's counterclaim. Appellant filed separate memorandums in opposition, with accompanying affidavits. One of appellant's affidavits states, in part, that he "has not finished discovery in this case." Both memorandums in opposition

stated that the motions for summary judgment were "premature" because Appellant did not have "an opportunity to complete discovery."

{¶ 14} After an oral hearing on the summary judgment motions, the trial court granted appellant an extension of time to complete discovery. The court ordered that "all discovery shall be completed in the case no later than October 10, 2011 * * * [and] that the parties shall have until 4:15 PM on October 21, 2011 to make additional filings (depositions, memorandums, affidavits, etc.) * * *." [September 14, 2011 Order.] Thereafter, appellant took the depositions of three witnesses.

{¶ 15} Appellant filed the three deposition transcripts, his own supplemental affidavit[3], and a supplemental memorandum in opposition to the motions for summary judgment. Neither the supplemental affidavit nor supplemental memorandum indicated a need for more time to complete additional discovery. Likewise, appellant never filed a Rule 56(F) affidavit requesting additional time to respond to either of Highland Ridge's motions for summary judgment.

{¶ 16} The trial court granted Highland Ridge's motions for summary judgment. A judgment entry was filed wherein appellant was ordered to pay appellees $5,701.35 in damages plus interest. This timely appeal followed.

III

LAW & ANALYSIS

A.    APPELLATE RULE 16(A)(7)

---

[3] It was in this supplemental affidavit that appellant claimed for the first time that he had actually sold the property to Thayer on a land contract, as opposed to a lease of the property.

{¶ 17} Initially, we note that appellant's brief is deficient, in that it does not comply with App.R. 16(A)(7). App.R. 16(A)(7) provides: "The appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Here, appellant has cited no authority in support of his three assignments of error.

{¶ 18} "'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.'" *Thomas v. Harmon*, 4th Dist. No. 08CA17, 2009-Ohio-3299, ¶ 14, quoting *State v. Carmen*, 8th Dist. No. 90512, 2008-Ohio-4368, ¶ 31. "'It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.'" (Alteration sic.) *Catanzarite v. Boswell*, 9th Dist. No. 24184, 2009-Ohio-1211, ¶ 16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996). Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.*, 4th Dist. No. 07CA4, 2008-Ohio-2194, ¶ 12; *accord Oldacre v. Oldacre*, 4th Dist. No. 08CA3073, 2010-Ohio-1651, ¶ 35; *see also* App.R. 12(A)(2). In the interest of justice, however, we will address appellant's three assignments of error and the additional argument that he raises outside his assignments of error.

B.    DISCOVERY

{¶ 19} We will address appellant's assignments of error out of order. In his third assignment of error, appellant contends that the trial court erred in not permitting him to complete discovery. Appellant articulates the entirety of his argument as follows:

The record, while replete with information, clearly shows that <u>pertinent</u> evidence was left out. This potentially large claim was difficult for Appellant. He had already indicated to the Trial Court a lack of money. The Trial Court knew he was having difficulty but refused to give Appellant adequate time for his discovery. (Emphasis sic.) [Brief of Appellant at 5.]

{¶ 20} A trial court maintains broad discretion in regulating the discovery process. *Slusher v. Ohio Valley Propane Servs.*, 177 Ohio App.3d 852, 2008-Ohio-41, 896 N.E.2d 715, ¶ 33 (4th Dist.). Accordingly, the standard of review on a trial court's decision in a discovery matter is whether the court abused its discretion. *Id*. A trial court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable. *Entingh v. Old Man's Cave Chalets, Inc.*, 4th Dist. No. 08CA14, 2009-Ohio-2242, ¶ 13.

{¶ 21} Moreover, "'[p]ursuant to Civ.R. 56(F), a party may seek additional time in which to develop the facts needed to adequately oppose a motion for summary judgment. * * * Absent an abuse of discretion, an appellate court will not reverse a trial court's ruling on a Civ.R. 56(F) motion.'" *Citizens Bank v. Hines*, 4th Dist. No. 12CA5, 2013-Ohio-690, ¶ 8, quoting *Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 2010-Ohio-4601, 939 N.E.2d 891, ¶ 100 (10th Dist.)

{¶ 22} Civ.R. 56(F) provides:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the

application for judgment or may order a continuance to permit affidavits to be

obtained or discovery to be had or may make such other order as is just.

{¶ 23}  "'Civ.R. 56(F) requires the party seeking a continuance to submit an affidavit stating

sufficient reasons why the party cannot present facts essential to justify the party's opposition to

the summary judgment motion.'"  *Hines* at ¶ 10, quoting *Perpetual Fed. Sav. Bank v. TDS2*

*Property Mgt., LLC*, 10th Dist. No. 09AP-285, 2009-Ohio-6774, ¶ 13.  "'When no affidavit is

presented in support of a motion for extension under Civ.R. 56(F), a court may not grant an

extension pursuant thereto.'"  *Id*., quoting *Cook v. Toledo Hosp.*, 169 Ohio App.3d 180, 2006-

Ohio-5278, 862 N.E.2d 181, ¶ 42 (6th Dist.).

{¶ 24}  Here, a review of the record reveals that Watson filed his complaint on December 22,

2010.  Highland Ridge filed its answer and counterclaim on March 15, 2011.  Highland Ridge

did not move for summary judgment on the appellant's claims and its counterclaim until August

12, 2011.  The trial court held an oral hearing on September 14, 2011,[4] on the motions for

summary judgment.  At this time, the trial court granted appellant a short extension to conduct

discovery and to supplement his memorandum in opposition.

{¶ 25} After the trial court granted the extension of time to conduct discovery, appellant did in

fact take the deposition of three individuals associated with Highland Ridge.  At no time

afterwards did Appellant file a subsequent affidavit requesting another extension, or otherwise

indicated that more discovery was necessary.

---

[4] At the hearing, counsel for appellant argued that more time was needed to conduct discovery because his client did not have the financial resources for discovery up until that point, but that he could obtain those resources within a day.

{¶ 26} Based upon these facts, we cannot conclude that the trial court abused its discretion regarding the regulation of the discovery process. *See TPI Asset Mgt., LLC v. Baxter*, 5th Dist. No. 2011CA000007, 2011-Ohio-5584, ¶ 18 ("A trial court does not abuse its discretion * * * where the party seeking the continuance did not sustain [its] burden of demonstrating that a continuance was warranted for further discovery." (Quotations omitted.)). In fact, the trial court accommodated appellant's first, and only, request for a continuance.

{¶ 27} We find that appellant had ample time to conduct discovery. Regardless, if additional time was needed to complete discovery, appellant should have invoked or complied with Civ. R. 56(F) by filing an affidavit setting forth sufficient reasons for the extension. He never did so. Accordingly, we conclude that appellant's third assignment of error is without merit.

C.      SUMMARY JUDGMENT

{¶ 28} Appellant's two remaining assignments of error suggest that the trial court erred when it granted summary judgment in favor of Highland Ridge.

{¶ 29} We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Accordingly, we afford no deference to the trial court's decision and independently review the record and the inferences that can be drawn from it to determine whether summary judgment is appropriate. *Harter v. Chillicothe Long-Term Care, Inc.*, 4th Dist. No. 11CA3277, 2012-Ohio-2464, ¶ 12; *Grimes v. Grimes*, 4th Dist. No. 08CA35, 2009-Ohio-3126, ¶ 16.

{¶ 30} Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and

that conclusion is adverse to the nonmoving party.  Civ.R. 56(C); *DIRECTV, Inc. v. Levin*, 128

Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15.  In ruling on a motion for summary

judgment, the court must construe the record and all inferences therefrom in the opposing party's

favor.  Civ.R. 56(C).

{¶ 31}  The burden of showing that no genuine issue of material fact exists falls upon the party

who moves for summary judgment.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d

264 (1996).  To meet this burden, the moving party must be able to specifically point to the

pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of

evidence, and written stipulations of fact, if any, timely filed in the action, which affirmatively

demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims.

*Id*.; Civ.R. 56(C).  If the moving party fails to satisfy its initial burden, the motion for summary

judgment must be denied.  *Bohl v. Travelers Ins. Group*, 4th Dist. No. 03CA68, 2005-Ohio-963,

¶ 17.  However, if the movant supports his or her motion with appropriate evidentiary materials,

the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings,

but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth

specific facts showing that there is a genuine issue for trial."  Civ.R. 56(E); *Grimes* at ¶ 15.

{¶ 32}  Appellant's first assignment of error relates to Highland Ridge's counterclaim.  The

extent of appellant's argument reads as follows: "There was never any opportunity for Appellant

to present his damages.  It is his position that absent review of those damages, the Trial Court

could not rule as a matter of law that Appellant should lose." [Brief of Appellant at 3.]

{¶ 33}  Appellees have produced evidence demonstrating that appellant was a member of

Highland Ridge.  As a member, appellant was contractually bound by the bylaws, policies, and

other rules of Highland Ridge. In support of its motion for summary judgment on the counterclaim, Highland Ridge provided authenticated copies of many of its rules and policies. One such policy provides that owners of real property that contract with Highland Ridge for the supply of water are to be invoiced directly, on the tenth of the month following the reading of the meters. Another policy provides that when a property that receives water service is rented or leased to a tenant, the tenant may apply to contract for water service in his or her own name. If Highland Ridge approves the application, invoices for the water service are sent directly to the tenant; and the owner is relieved of any obligation to pay for any water delivered to the property in tenant's name. That same policy provides, however, that "[o]nce the renter moves from the property, either voluntarily or evicted, the property along with the tap reverts back to the land owner's name."

{¶ 34} In addition to the above policies, Highland Ridge also provided evidence of the amount of water used at the property and the cost for such usage. Appellant not only failed to rebut any of the evidence; but at his deposition he admitted that he could not dispute the amount of water used and the cost for the usage.

{¶ 35} Appellant seemed to argue in his supplemental memorandum in opposition, and supplemental affidavit, that Highland Ridge should have provided him notice that the account was placed back in his name after the tenant had been removed from the property. Appellant, however, did not identify a single bylaw, policy, or other rule requiring Highland Ridge to do so. Moreover, Judy Mercer, the Highland Ridge office manager, testified at deposition that she did mail such a notice, but that it was returned because of an inaccurate address.

{¶ 36}  We further find that the trial court did not deny appellant a fair opportunity to contest the evidence presented by Highland Ridge.  As discussed above, the trial court granted appellant an extension of time to conduct additional discovery.  Appellant did use the additional time to depose three Highland Ridge employees before the response deadline.  If further time was required, appellant could have requested a Civ.R. 56(F) continuance.  Appellant did not request more time to conduct discovery.

{¶ 37}  Appellant simply failed to meet his reciprocal burden under Civ.R. 56(E), to demonstrate that triable issues of fact exist.  Accordingly, we overrule appellant's first assignment of error.

{¶ 38}  Appellant's second assignment of error relates to his slander per se claim.  Appellant stated the following in support of his second assignment of error: "Upon discovery that water had gone through the meter, Appellees called the Sheriff.  Appellees reported water **'stolen'**.  Appellee suggested the Sheriff call Appellant, which the Sheriff did.  That leaves the issue for the Jury to decide, not the Trial Court."  (Emphasis sic.)  [Brief of Appellant at 4.]

{¶ 39}  The elements of a defamation action, whether slander or libel, are that: (1) the defendant made a false and defamatory statement concerning another; (2) that there be an unprivileged publication to a third party; (3) that there exists fault amounting at least to negligence on the part of publisher; and (4) that there be either accountability of the statement irrespective of special harm or the existence of special harm caused by the publication.  *Shoemaker v. Community Action Org. of Scioto Cty., Inc.*, 4th Dist. No. 06CA3121, 2007-Ohio-3708, ¶ 11.  "For a communication to be defamatory per se, it must be actionable upon the very words spoken without regard to the interpretation of the listener, i.e., it is actionable on its face."  *Id*. at ¶ 12.  Words that import an indictable criminal offense involving moral turpitude or infamous

punishment are defamatory per se.  *Id*.  When a plaintiff pleads defamation per se, he or she need not allege or prove any special damages.  *Id*. at ¶ 13.

{¶ 40} Here, the undisputed evidence is that nobody associated with Highland Ridge made a false of defamatory statement about appellant.  More specifically, no one at Highland Ridge accused appellant, himself, of theft or tampering with the meter.  Appellant himself acknowledged that fact in his deposition.  The mere report of a possible theft to law enforcement by Highland Ridge, without ever accusing appellant of the theft is not a false or defamatory statement concerning appellant, and is insufficient to create a factual dispute on appellant's claim for slander per se.  As a result, we overrule appellant's second assignment of error.

D.      APPELLANT'S BLANKET DENIAL ARGUMENT

{¶ 41} Finally, we will address an argument that appellant discusses outside of his three assignments of error.  Appellant claims the following: "The Court Order granting summary judgment makes no findings of any kind.  It is a blanket denial of the complaint and judgment on the counterclaim. * * * The blanket denial is an error."  [Supplement to Brief of Appellant at 2.]

{¶ 42} We reject appellant's blanket denial argument.  It is well settled in Ohio that "[a] trial court is not required to issue a written opinion containing findings of fact and conclusions of law when ruling on a motion for summary judgment."[Quotations omitted.]  *Robson v. Quentin E. Cadd Agency*, 179 Ohio App.3d 298, 2008-Ohio-5909, 901 N.E.2d 835, ¶ 13 (4th Dist.).  Therefore, the trial court's judgment entry is not in error.

IV

CONCLUSION

{¶ 43} Having rejected all of appellant's arguments, we find that the trial court did not err in its granting of summary judgment in favor of appellee Highland Ridge on (1) appellant's claims; and (2) appellee's counterclaim. Accordingly, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.:  Concur in Judgment and Opinion.

For the Court

By:_____
                    Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.