OPINION
{¶ 1} Appellant, Houston Saffold, appeals from the January 29, 2003 judgment entry of the Warren Municipal Court, granting judgment in favor of appellee, Physiatrist Associates of Youngstown, Inc., in the amount of $981.53 plus interest and costs for professional medical services rendered.
 {¶ 2} On April 12, 2001, appellee filed a complaint against appellant, alleging that appellant owed $1,206.83 plus interest for professional medical services rendered from July 3, 1996, to November 18, 1996. Appellant filed an answer on May 9, 2001.
 {¶ 3} On November 16, 2001, appellee filed a notice of discovery. On January 10, 2002, appellee filed a motion to compel discovery. On January 14, 2002, the trial court ordered appellant to answer appellee's first set of interrogatories and request for admissions and production of documents by January 31, 2002. Appellant failed to comply.
 {¶ 4} This case was originally set for trial on February 25, 2002. However, in its February 25, 2002 judgment entry, the trial court continued the case to permit appellant the opportunity to respond to appellee's discovery. On February 26, 2002, a trial to be held before Magistrate Daniel Gerin was set for July 29, 2002. Appellant did not file an objection.
 {¶ 5} On June 7, 2002, appellee filed a motion for summary judgment pursuant to Civ.R. 56. Appellant filed a motion in opposition for summary judgment on June 18, 2002.
 {¶ 6} The magistrate converted the summary judgment into a trial which commenced on July 29, 2002. At that trial before the magistrate, Crystal Phillis ("Phillis"), an employee of appellee and the office manager of Dr. Anthony Pannozzo ("Dr. Pannozzo"), testified that appellant was provided with professional medical services from July 3, 1996, to November 18, 1996. According to Phillis, appellant was treated for lumbosacral sprain/strain, glenohumeral sprain/strain, lumbar and knee. Phillis stated that the services provided included physical medicine treatments and therapies, office visits, x-rays, and injections. Phillis stressed that Medicare paid eighty percent of appellant's bill, and thus, appellant, like any patient, was responsible for the remaining twenty percent. Phillis stated that "[a]ppellant had a secondary insurance, which told us that they do not pay for services rendered in an indemnity plan offered through Prudential * * * and [that appellant] was responsible for his bill."
 {¶ 7} Dr. Pannozzo testified that all of the procedures that he performed on appellant were provided or covered by Medicare and that appellant is required to pay a small part. Dr. Pannozzo stated that Medicare looked at this case in detail and found nothing wrong.
 {¶ 8} According to appellant, Medicare told him that he was not responsible for the bill by federal statute.
 {¶ 9} On August 1, 2002, based on his findings of fact and conclusions of law, the magistrate granted judgment in favor of appellee in the amount of $981.53 plus interest and costs, and stressed that all services rendered were covered by Medicare, which paid its share. Appellant filed a brief in opposition to the magistrate's decision on October 10, 2002.
 {¶ 10} On January 29, 2003, a hearing was held before the Honorable Thomas P. Gysegem. At that hearing, appellant stated that "I feel this is shoddy and fraudulent book keeping and I don't think I am responsible for that bill." Appellant said that the magistrate was wrong because appellee failed to inform him that these charges were not approved by Medicare.
 {¶ 11} Pursuant to its January 29, 2003 judgment entry, the trial court adopted the August 1, 2002 magistrate's decision.[1] It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 12} "[1.] The trial court erred to the prejudice of [appellant] when he (Magistrate Gerin) converted this hearing to a trial in the middle of the scheduled hearing.
 {¶ 13} "[2.] The trial court judge [Gysegem] erred when he did not submit an independent journal entry of his own to the prejudice of [appellant.]
 {¶ 14} "[3.] The trial court judge [Gysegem] erred when he did not admonish [appellee's] attorney for fraudulently concealing pertinent and relevant facts (about the lost records in the fire) to the prejudice of [appellant.]
 {¶ 15} "[4.] The trial court erred to the prejudice of [appellant] by denying [appellant] a fair and impartial trial demanded them and required by the Ohio and United States Constitution, Bill of Rights Article 1(05). Ohio Constitution, Article 1 [Section] (05)."
 {¶ 16} In his first assignment of error, appellant argues that the trial court erred when the magistrate converted the case into a trial in the middle of a scheduled hearing. Appellant alleges that he was prejudiced due to unfair surprise, and that his due process rights were violated.
 {¶ 17} With respect to a party's failure to make discovery, the court may make an order "staying further proceedings until the order is obeyed * * *." Civ.R. 37(B)(2)(c).
 {¶ 18} Based on the record, the instant matter was originally set for trial on February 25, 2002. On January 14, 2002, the trial court ordered appellant to respond to appellee's discovery requests by January 31, 2002. However, appellant failed to comply with that order. On February 25, 2002, appellant still did not comply with the trial court's order, therefore, the trial court continued the case to permit appellant the opportunity to respond to appellee's discovery pursuant to Civ.R. 37(B)(2)(c). Appellant acknowledged that he received a notice of hearing on February 26, 2002, which stated that a trial was set for July 29, 2002, over five months after the original trial date. The record shows that appellant was properly informed of the July 29, 2002 trial well in advance and did not file an objection. Thus, appellant's claim that the July 29, 2002 proceeding was not originally scheduled as a trial, but was converted to a trial during that proceeding is not well-taken, and the matter is waived. Appellant did not suffer unfair surprise or any prejudice. All motions not ruled on are presumed to be overruled. Appellant's first assignment of error is without merit.
 {¶ 19} In his second assignment of error, appellant alleges that the trial court judge erred by not submitting an independent judgment entry, and as a result, his due process rights were violated.
 {¶ 20} This court stated in In re Castrovince (Aug. 16, 1996), 11th Dist. No. 96-P-0175, 1996 Ohio App. LEXIS 6226, at 3, that based on Civ.R. 54(A), it is not sufficient for a final appealable order for a trial court to merely incorporate by reference the recommendations of a magistrate's decision. Rather, the magistrate's decision and the trial court's judgment entry must be "separate and distinct instruments which are complete and independent of each other." Id. at 4.
 {¶ 21} In the case at bar, we agree that it was error for the trial court judge to incorporate its judgment entry with the magistrate's decision. However, as previously addressed, on July 29, 2003, this court issued a judgment entry in which we remanded this matter to the trial court for the sole purpose of issuing a judgment that is a final appealable order pursuant toCastrovince, supra. The trial court complied with our request and filed an independent judgment entry on August 4, 2003, which adopted the magistrate's August 1, 2002 decision. Thus, appellant has not suffered any prejudice. Appellant's second assignment of error is without merit.
 {¶ 22} In his third assignment of error, appellant contends that the trial court erred when Judge Gysegem did not admonish appellee's attorney for fraudulently concealing pertinent and relevant facts about lost records in a fire. Appellant stresses that he was prejudiced because this information was not submitted in the transcript.
 {¶ 23} "The following elements need to be met in order to succeed on a claim of fraudulent concealment:
 {¶ 24} `(1) a representation * * * or concealment of fact, (2) which is material * * *, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.'"Waleszewski v. Angstadt, 11th Dist. No. 2002-L-113, 2004-Ohio-335, at ¶ 12-13, quoting Black v. Cosentino (1996),117 Ohio App.3d 40, 44.
 {¶ 25} In the instant matter, pursuant to appellee's brief, the office of appellee's counsel was totally destroyed in an arson fire on January 11, 2001. Although copies of records relative to appellee's claim were destroyed in the fire, the original records were not. All of the original records were available to appellant and were presented at the trial before the magistrate. As such, there was no fraudulent concealment pursuant to Waleszewski. Based on the record, appellee presented the entire account at the trial before the magistrate and the entire court file was before the judge at the hearing on appellant's objections to the magistrate's decision. Therefore, appellant has failed to show that he was prejudiced in any manner. Thus, appellant's third assignment of error is without merit.
 {¶ 26} In his fourth assignment of error, appellant argues that the trial court erred by denying him a fair and impartial trial as required by the Ohio Constitution and the United States Constitution. Appellant stresses that he was entitled to a trial by jury.
 {¶ 27} Civ.R. 38(B) provides that: "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Such demand shall be in writing and may be indorsed upon a pleading of the party."
 {¶ 28} Civ.R. 38(D) states that: "[t]he failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury. * * *"
 {¶ 29} In the case sub judice, appellant fails to specifically indicate how he was denied a fair and impartial trial. As previously addressed in his first assignment of error, the record does not support appellant's contention that he suffered unfair surprise or any prejudice. Also, based on the record, appellant did not demand a trial by jury pursuant to Civ.R. 38(B). Therefore, the trial of this matter was properly conducted by the magistrate. Thus, appellant was not in any manner denied his right to due process. Appellant's fourth assignment of error is without merit.
 {¶ 30} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Warren Municipal Court is affirmed.
Christley, J., Rice, J., concur.
[1] On July 29, 2003, this court issued a judgment entry which stated that the January 29, 2003 judgment entry of the trial court was not proper since it was captioned as "Findings of Fact and Conclusions of Law," as well as labeled as "Magistrate's Decision" and "Judgment Entry." On August 4, 2003, the trial court filed a proper judgment entry which adopted the magistrate's August 1, 2002 decision.