[Cite as *State ex rel. Mender v. Chauncey*, 2015-Ohio-3559.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE EX REL. GINGER MENDER, | : | |
| | : | Case No. 14CA27 |
| Relator-Appellant, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| VILLAGE OF CHAUNCEY | : | |
| | : | **Released:09/01/15** |
| Respondent-Appellee. | : | |

APPEARANCES:

Kristina Melomed, Rachel Kareha, and Kenneth C. Podor, The Podor Law Firm, LLC, Solon, Ohio, for Appellant.

Randall Lambert, Lambert Law Office, Ironton, Ohio, for Appellee.

McFarland, A.J.

{¶1} Ginger Mender appeals the "Decision Granting Supplemental Motion for Summary Judgment; Final Appealable Order" of the Athens County Court of Common Pleas, journalized June 9, 2014. Appellant contends the trial court erred by: (1) granting the supplemental motion for summary judgment of the Village of Chauncey ("Village") without considering a stipulation of the parties extending response time; and (2) granting the partial motion for summary judgment to the Village while issues of material fact still existed. Having reviewed the record, we find no error or abuse of discretion on the part of the trial court. Accordingly, we

overrule Appellant's assignments of error and affirm the judgment of the trial court.

FACTS

{¶2} The record herein reveals that on or about January 11, 2010, Appellant requested 30 types of public records and documents for the time frame of January 1, 2008 to March 1, 2009, from the Village, pursuant to the Ohio Public Records Act.[1] On January 13, 2010, Robert Shostak, the Village Solicitor ("Solicitor"), responded to Appellant. He indicated the requested public records were available for immediate inspection and copying. However, Appellant was instructed to contact the mayor and fiscal officer and arrange a time to inspect and copy.

{¶3} One day later, January 14, 2010, Appellant presented to the Village Hall, without a pre-arranged agreement as to the time of inspection and copying. Appellant contends she was denied access to the records. The Village contends the records were not inspected and copied on that date because there were a vast number of them and they could not be located expeditiously when Appellant failed to pre-arrange a time.

{¶4} Approximately eight months later, on September 27, 2010, Appellant sent a second request for the same documents requested in January. Appellant was

---

[1] The records requested included very general traffic citations, criminal reports, witness statements, proceedings of mayor's court, fine receipts, purchase requests, inventory lists, repair receipts, purchase receipts, postage receipts, equipment receipts, solved and closed crimes, police officers' credentials, a disciplinary notice for a former fiscal officer, cell phone records, council meeting minutes, hiring dates and pay rates for police officers, a lease agreement, termination of a lease agreement, pay raises, travel expenses for a former fiscal officer, and a policy and procedure manual.

informed that she needed to submit a new documents request. On October 4, 2010, the Solicitor responded, asking Appellant to prioritize her requested documents. Appellant responded on October 12, 2010. On October 25, 2010, the Village's current fiscal officer wrote a letter explaining that some of the records requested were in the possession of the Ohio State Auditor's Office, due to an audit. According to Appellant, by December 23, 2010, in the absence of response to her requests, she felt compelled to file the mandamus action.

{¶5} Appellant filed her complaint in mandamus and forfeiture on January 12, 2011, setting forth five claims against the Village. On January 27, 2011, the Solicitor sent Appellant responses to her documents' requests. The letter accompanying the documents indicated that the State Auditor's Office was in possession of many of the records. On February 17, 2011, the Village filed an answer denying many of the allegations set forth and requesting dismissal of the complaint.

{¶6} On March 2, 2011, the Village filed a Civ.R. 12(C) motion for judgment on the pleadings and motion to dismiss the complaint for the reason that the complaint was filed in the individual name of the plaintiff and did not comply with the mandamus statute, R.C. 2731.04. On March 10, 2011, Appellant filed a motion for leave to amend the complaint. Appellant also requested that the motion

to dismiss be denied.  On April 1, 2011, the trial court ruled that Appellant could amend her complaint.  The trial court denied the Village's motion to dismiss.

{¶7} On April 8, 2011, Appellant filed an amended complaint.  On June 21, 2011, the Village filed an answer to the amended complaint.  The parties engaged in discovery and the matter was scheduled for a jury trial.

{¶8} On June 15, 2012, the Village filed a motion for summary judgment.  On the same date, the Village also filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim.  On July 16, 2012, Appellant filed a response to the motion to dismiss.  On May 6, 2013, the trial court denied the Village's motion to dismiss.  However, by the same entry, the trial court granted summary judgment as to Appellant's second, third, and fifth claims.  The motion for summary judgment was denied as to the first and fourth claims.[2]  Subsequent to this ruling, the records in the possession of the State Auditor's Office were returned to the Village and supplied to Appellant.

{¶9} On October 2, 2013, the Village filed a motion for leave to file a supplemental motion for summary judgment as to claims one and four.  On November 20, 2013, the court issued a journal entry following a telephone conference on November 15, 2013.  Pertinent language from the entry is set forth as follows:

---

[2] Throughout these proceedings, telephonic phone conferences were scheduled and continued.  Also, jury trial dates were scheduled and continued. On June 3, 2013, the matter was transferred to a different trial judge due to the retirement of the original trial judge and a conflict with the successor judge.

"Pending from after the last pre-trial was defendant's Motion for Leave to File Supplemental Motion for Summary Judgment. Plaintiff's counsel stated he did not object to the supplemental motion being submitted if additional time is allowed for discovery. After discussion, Defendant was ordered to file its supplemental motion within ten (10) days of this conference or waive it. If the motion is filed, here shall be an additional ninety (90) days to complete discovery and to afford the opportunity to Plaintiff to file a memorandum contra."

{¶10} On November 26, 2013, the Village filed its supplemental motion for summary judgment. On January 26, 2014, the trial court filed a notice of non-oral hearing journal entry, which stated in pertinent part:

"Defendant has filed its supplemental motion for summary judgment, and ninety days have been allowed for additional discovery. See the Court's Journal Entry of November 20, 2013. Accordingly, defendant's supplemental motion for summary judgment shall come on for non-oral hearing on Monday, March 3, 2014, at 9:00 a.m."

{¶11} The docket next reflects the following "Agreed Journal Entry" filed March 4, 2014: "For good cause shown, the Motion for Extension of Time to Respond to Supplemental Motion for Summary Judgment is hereby granted. Additional time to April 18, 2014, is granted."[3] Also filed on March 4, 2014 is a motion for extension of time to respond to summary judgment. The motion states: "Opposing counsel consent and has no objection to the motion for extension of time." On June 9, 2014, the trial court granted the supplemental motion for summary judgment. On that date, the court's entry states:

---

[3] The entry is signed and initialed by the trial judge. "May 5, 2014" is marked out and "April 18, 2014" is printed by hand.

"Relator was granted ample time to respond, including an extension, at Relator's request, of the original hearing date of March 3, 2014, until April 18, 2014. Relator did not file a response, leading the Court to conclude respondent's motion is unopposed."

{¶12} On June 20, 2014, Appellant filed a motion to vacate the entry granting summary judgment. On July 1, 2014, the trial court denied the motion to vacate. This timely appeal followed.

## ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ERRED IN GRANTING THE PARTIAL MOTION FOR SUMMARY JUDGMENT TO DEFENDANT-APPELLEE VILLAGE OF CHAUNCEY WITHOUT CONSIDERING THE STIPULATION OF ALL PARTIES TO EXTEND RESPONSE UNTIL DEPOSITIONS HAD BEEN COMPLETED."

## A. STANDARD OF REVIEW

{¶13} A trial court maintains broad discretion in regulating the discovery process. *Watson v. Highland Ridge Water & Sewer Assn. Inc.,* 4th Dist. Washington No. 12CA12, 2013-Ohio-1640, ¶ 20; *Slusher v. Ohio Valley Propane Servs.,* 177 Ohio App.3d 852, 2008-Ohio-41, 896 N.E.2d 715, ¶ 33 (4th Dist.). Accordingly, the standard of review on a trial court's decision in a discovery matter is whether the court abused its discretion. *Id.* A trial court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable. *Entingh v. Old Man's Cave Chalets, Inc.,* 4th Dist. Hocking No. 08CA14, 2009-Ohio-2242, ¶ 13. Furthermore, pursuant to Civ.R. 6(B)(1), the trial court is granted discretion to

expand the time a party has to respond to motions. *Coleman v. Beachwood,* 8th Dist. Cuyahoga No. 92399, 2009-Ohio-5560, ¶ 6.

## B.  LEGAL ANALYSIS

{¶14} In this case, Appellant contends that counsel for both parties stipulated, during a telephonic conference and prior to the lapse of time to respond to the Village's supplemental motion for summary judgment, that a response would not be due until depositions had been completed.  However, Appellant contends the trial court did not properly consider the stipulation made between the attorneys regarding the extension of time.  Appellant frames the issue in the context of a violation of Civ.R. 6(B)(1).

{¶15} The Village responds by emphasizing Appellant was given more than ample time to conduct depositions and still failed to file a response.  The Village acknowledges that during the November 15, 2013 telephone conference, Appellant did not object to the filing of a supplemental motion for summary judgment as long as additional time was allowed for discovery.  If the Village filed a supplemental motion, then Appellant would be given ninety additional days to complete discovery and to file a memorandum contra.  However, the Village also points out after the ninety days had elapsed, a non-oral hearing date was set for March 3, 2014.  Then, on March 4, 2014, Appellant filed an agreed entry.  The agreed entry was signed by the trial court and the attorneys for both parties.  The entry gave

Appellant until April 18, 2014 to file a response to the supplemental motion.  The next pleading contained in the record is Appellant's motion for extension of time to respond to the supplemental motion for summary judgment, also dated March 4, 2014.  However, Appellant still failed to file a response as of June 9, 2014.  And, Appellant had not even requested deposition dates by the time of the June decision.

{¶16} The Village concludes that Appellant fails to establish any error on the part of the trial court in granting the Village's supplemental motion for summary judgment.  We agree with the Village.  Ohio Civ.R. 6(B) provides as follows:

> "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order * * *."

{¶17} However, Civ.R. 56(F) also provides:

> "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

When a nonmoving party to a summary judgment motion needs additional time to respond, he or she may seek a continuance to obtain additional discovery. *Aurora*

*Bank F.S.B. v. Stevens,* 10th Dist. Franklin No. 13AP-768, 2014-Ohio-1713, ¶ 16, citing *Steele v. Mara Ents.,* 10th Dist. Franklin No. 09AP-102, 2009-Ohio-5716, ¶ 30, citing *Benjamin v. Deffet Rentals, Inc.,* 66 Ohio St.2d 86, 92, 419 N.E.2d 883 (1981). "If, however, a party fails to avail itself of the provision of Civ.R. 56(F), summary judgment appropriately is granted to the moving party." *Id.* at ¶ 30, citing *Benjamin.*

{¶18} In *Watson v. Highland Ridge, supra,* at ¶ 24, a review of the record reveals that Watson filed his complaint on December 22, 2010. Highland Ridge filed its answer and counterclaim on March 15, 2011. Highland Ridge did not move for summary judgment on the appellant's claims and its counterclaim until August 12, 2011. The trial court held an oral hearing on September 14, 2011 on the motions for summary judgment. At this time, the trial court granted appellant a short extension to conduct discovery and to supplement his memorandum in opposition.

{¶19} After the trial court granted the extension of time to conduct discovery, Watson took the depositions of three individuals associated with Highland Ridge. At no time afterwards did Watson file a subsequent affidavit requesting another extension, or otherwise indicate that more discovery was necessary. Based upon these facts, this court concluded that the trial court did not

abuse its discretion regarding the regulation of the discovery process. See *TPI Asset Mgt., LLC v. Baxter,* 5th Dist. Knox No. 2011CA000007, 2011-Ohio-5584, ¶ 18 ("A trial court does not abuse its discretion * * * where the party seeking the continuance did not sustain [its] burden of demonstrating that a continuance was warranted for further discovery." (Quotations omitted.)  This court further noted the trial court accommodated appellant's first, and only, request for a continuance.

{¶20} We held in *Watson* at ¶ 27:

"We find that appellant had ample time to conduct discovery. Regardless, if additional time was needed to complete discovery, appellant should have invoked or complied with Civ.R. 56(F) by filing an affidavit setting forth sufficient reasons for the extension.  He never did so.  Accordingly, we conclude that appellant's third assignment of error is without merit."

{¶21} Similarly, we do not believe the trial court committed error when it ruled on the Village's supplemental motion for summary judgment without ruling on Appellant's motion for extension of time.[4]  Here, Appellant did not utilize the measure provided in Civ.R. 56(F), by setting forth in an affidavit that she could not present facts essential to justify her opposition and request a continuance to permit further discovery depositions to be had.

---

[4] Actually, Appellant emphasizes that the trial court did not rule on her motion for extension under her second assignment of error.  However, we feel it bears reference at this juncture.

{¶22} And finally, simply put, the record is devoid of any evidence that the trial court abused its discretion pursuant to Civ.R. 6(B). Both parties set forth the procedural occurrences in the record. While Appellant argues that the parties stipulated that a response would not be due "until depositions had been completed," we find "until depositions have been completed" to be a vague statement. Appellant received additional time as a result of the agreement during the November 13, 2013 telephone conference. Then Appellant received additional time by the March 4, 2014 agreed entry. Any stipulation, written or oral, that a response is not due "until depositions have been completed" cannot run into infinity, and the trial court gave at least two extensions to accommodate Appellant.[5] Under these facts we cannot say the trial court in any way abused its discretion.

> "II. THE TRIAL COURT ERRED IN GRANTING THE PARTIAL MOTION FOR SUMMARY JUDGMENT TO DEFENDANT-APPELLEE VILLAGE OF CHAUNCEY WHILE ISSUES OF MATERIAL FACT STILL EXISTED."

### A. STANDARD OF REVIEW

{¶23} "Appellate courts review summary judgments de novo." *Wells Fargo v. Phillabaum*, 192 Ohio App.3d 712, 2011-Ohio-1311, 950 N.E.2d 245, at ¶ 7,

---

[5] In its brief, the Village pointed out that the depositions of Appellant and the Solicitor had previously been taken. We have reviewed these depositions. It does not appear that Appellant was entirely foreclosed from filing a memorandum opposing the supplemental motion for summary judgment which would set forth genuine issues of material fact. And, Appellant did not file a motion for continuance pursuant to Civ.R. 56(F) identifying the witness or witnesses needed and the expected testimony.

citing *Broadnax v. Greene Credit Service* (1997), 118 Ohio App.3d 881, 887, 694

N.E.2d 167 and *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41, 654

N.E.2d 1327.  "In other words, we afford no deference whatsoever to a trial court's

decision, and, instead, conduct our own independent review to determine if

summary judgment is appropriate." *Wells Fargo* at ¶ 7, citing *Woods v. Dutta*

(1997), 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18 and *Phillips v. Rayburn*

(1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279.

{¶24} "Summary judgment is appropriate only when (1) there is no genuine

issue of material fact, (2) reasonable minds can come to but one conclusion when

viewing the evidence in favor of the nonmoving party, and that conclusion is

adverse to the nonmoving party, and (3) the moving party is entitled to judgment as

a matter of law." *Greene v. Seal Twp. Bd. of Trustees*, 194 Ohio App.3d 45, 2011-

Ohio-1392,  954 N.E.2d 1216, at ¶ 9, citing *Doe v. Shaffer,* 90 Ohio St.3d 388,

390, 2000-Ohio-186, 738 N.E.2d 1243, *Bostic v. Connor* (1988), 37 Ohio St.3d

144, 146, 524 N.E.2d 881, and Civ.R. 56(C).

{¶25} "The party moving for summary judgment has the initial burden of

showing that there is no genuine issue of material fact and that it is entitled to

judgment as a matter of law." *Greene* at ¶ 10, citing *Dresher v. Burt* (1996), 75

Ohio St.3d 280, 292, 662 N.E.2d 264.  "The moving party must inform the trial

court of the basis of the motion and must identify those portions of the record that

demonstrate the absence of a material fact." *Id.,* citing *Dresher* at 293. When seeking to have the nonmoving party's claims dismissed, "the moving party must specifically refer to the 'pleadings, depositions, answers to interrogatories, * * * written stipulations of fact, if any,' that affirmatively demonstrate that the nonmoving party has no evidence to support [its] claims." *Id.,* citing *Dresher* and Civ.R. 56(C). "If the moving party satisfies its initial burden, the nonmoving party then has the reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. If the nonmovant does not satisfy this evidentiary burden and the movant is entitled to judgment as a matter of law, the court should enter a summary judgment accordingly." *Id.,* citing *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 145, 677 N.E.2d 308, citing *Dresher* at 295. "Mere speculation and unsupported conclusory assertions are not sufficient." *Hansen v. Wal-Mart Stores, Inc.*, 4th Dist. No. 07CA2990, 2008-Ohio-2477 at ¶ 8, citing *Boulton v. Vadakin,* 4th Dist. No. 07CA26, 2008-Ohio-666, at ¶ 20.

## B. LEGAL ANALYSIS

{¶26} In ruling on the supplemental motion for summary judgment, the trial court stated:

> "Despite Relator's apparent lack of opposition to Respondent's
> Supplemental Motion, the Court has nevertheless examined
> Respondent's motion in light of the record and applicable Civ.R. 56
> principles, and based on this review, finds Respondent's motion

meritorious. The Court finds that remaining Counts One and Four present no genuine issues of material fact, that Respondent is entitled to judgment thereon as a matter of law, and that reasonable minds viewing the evidence thereon most favorably to Relator could find only for Respondent."

{¶27} Appellant concedes it is true that she did not file a memorandum in opposition to the Village's supplemental motion for summary judgment. However, she argues the purpose of the requested extension was to conduct depositions to gather testimony demonstrating that issues of material fact still existed. Specifically, Appellant sought discovery of evidence as to: (1) whether the records requested were unavailable for any unlawful reason; (2) whether Appellant had abandoned her request for the production of the above-referenced records; and (3) "Plaintiff's status as an aggrieved party." Appellant points out the parties orally agreed to extend the deadline to respond until the completion of depositions which led to Appellant's filing of a motion to extend time. However, the docket does not reflect that Appellant's motion was ever ruled upon. Per our resolution of assignment of error one above, Appellant's argument here is moot. Furthermore, a motion that is not expressly ruled upon when a case is concluded is presumed overruled. *Kastelnik v. Helper,* 96 Ohio St.3d 1, 3, 2002-Ohio-2985, 770 N.E.2d 58; see, also, *Physiatrists Associates of Youngstown, Inc. v. Saffold,* 11th Dist. Trumbull No. 2003-T-0038, 2004-Ohio-2793, at ¶ 18.

{¶28} The Village responds that no genuine issue of material fact remained concerning Appellant's first and fourth claims in her complaint. Appellant's first claim was set forth in her amended petition for mandamus at paragraph 15 as follows:

> "Relator is entitled to a writ of mandamus ordering Respondent to produce the public records she has requested, along with statutory damages in excess of $25,000.00, reasonable attorney fees pursuant to ORC & 149.43, and reimbursement of all costs associated with bringing this action pursuant to ORC & 149.43."

As to the first claim, the Village argued in the supplemental motion for summary judgment that 2008 and 2009 fiscal records were within the Ohio State Auditor's possession at the time of Appellant's request in January 2011. The Village further contended the fiscal records were eventually supplied to Appellant. The Village concludes since the records were supplied, no genuine issues of material fact existed.

{¶29} Our de novo review of the record reveals the Village supported its claim that the fiscal records were unavailable at the time of Appellant's initial request, but were eventually supplied to her. The Village's motion was bolstered by the affidavit of Robert Mattey, the Mayor of Chauncey at the time of Appellant's request, attached as Exhibit A, to the supplemental motion for summary judgment. Mattey stated:

> "Some of the 2008 and 2009 records requested by Ginger Mender were in the possession of the Ohio State Auditor's Office when she

made her request.  The Auditor's Office had the aforesaid records for the bi-annual audit.  As a result, some of the records requested by Ginger Mender were not available until after she filed her lawsuit.  However, once the records were returned to the Village from the Auditor's Office, they were supplied to Mender."

{¶30} Appellant filed no responsive pleading which created a genuine issue of material fact.  Construing the evidence most strongly in favor of the non-moving party, we find the trial court properly granted summary judgment as to the first claim.

{¶31} Finally, Appellant's fourth claim was set forth as follows in her amended petition at pages 7-8:

"In violation of ORC & 149.351, public records were removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of * * * Relator is entitled to recover a forfeiture in the amount of one thousand dollars ($1,000.00) for each violation pursuant to ORC & 149.351 and to obtain an award of the reasonable attorney's fees incurred in bringing this action pursuant to ORC & 149.351."

{¶32} In the supplemental motion for summary judgment, the Village argued that some of the records requested were unavailable due to a break-in where they were stored.  As such, the records were unavailable by no fault of the Village. Robert Mattey's supporting affidavit provided as follows at paragraph 4:

"Additionally, some of the records requested by Ginger Mender are unavailable because the place they were being stored was broken into. As a result, some records requested by Ginger Mender have not been able to be located.  Thus, the Village is not at fault for any records that were destroyed as a result of the break-in."

{¶33} The Village concluded there are no genuine issues of material fact concerning the Village's alleged violation of R.C. 149.351. Again, Appellant offered no evidence to create a genuine issue of material fact. Based upon our review of the record, we agree with the trial court's decision granting summary judgment on the fourth claim.

{¶34} For the foregoing reasons, we affirm the trial court's decision that no genuine issues of material fact existed and the Village was entitled to judgment as a matter of law. Even construing the evidence most favorably in light of the non-moving party, there was no basis for the trial court to grant Appellant's claims as to claims one and four or to grant the amended petition for writ of mandamus. As such, we overrule Appellant's second assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED. Appellee shall recover of Appellant any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Harsha, J.: Concur in Judgment and Opinion as to A/E I and Concur in Judgment Only as to A/E II.

For the Court,

BY:  _____
Matthew W. McFarland,
Administrative Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**