[Cite as *State v. Wright*, 2016-Ohio-7795.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | Case Nos. | 15CA3705 |
| | : | | 15CA3706 |
| Plaintiff-Appellee, | : | | |
| | : | | |
| vs. | : | DECISION AND JUDGMENT | |
| | : | ENTRY | |
| DELANIO WRIGHT, | : | | |
| | : | | |
| Defendant-Appellant. | : | **Released: 11/17/16** | |

_____

APPEARANCES:

Brian A. Smith, Akron, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecutor, Portsmouth, Ohio, for Appellee.[1]
_____

McFarland, J.

{¶1} Delanio Wright appeals his convictions for trafficking in marijuana in the vicinity of a school in violation of R.C. 2925.03(A)(2)(C)(3)(6), and possession of heroin, in violation of R.C. 2925.11(A)(C)(6)(b) after he entered no contest pleas in the Scioto County Common Pleas Court. Appellant's counsel has advised this Court that, after reviewing the record, he cannot find a meritorious claim for appeal. However, counsel has requested this court to independently review the

---

[1] The State has not filed a brief or other responsive pleading herein. Delanio Wright, although he was served with a copy of the brief on his behalf filed by appellate counsel together with instructions that he may file his own brief within certain time constraints, has also elected not to file a brief.

transcript of proceedings and determine whether the trial court erred by overruling Appellant's motion to dismiss on statutory speedy trial grounds. As a result, Appellant's counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967). We find no merit to the potential assignment of error raised in counsel's brief and, after independently reviewing the record, find no additional error prejudicial to Appellant's rights in the trial court proceedings. The motion of counsel for Appellant requesting to withdraw as counsel is granted, and this consolidated appeal is dismissed for the reason that it is wholly frivolous.

FACTS

{¶2} On September 26, 2013, Appellant was indicted on two counts of trafficking in drugs in the vicinity of a school, a felony of the fourth degree and in violation of sections 2925.03(A)(2), (C)(3)(b) and (C)(6)(c) of the Ohio Revised Code; one count of possession of heroin, a felony of the fourth degree and in violation of section 2925.11 of the Ohio Revised Code; one count of assault on a peace officer, a felony of the fourth degree and in violation of section 2903.13 of the Revised Code; and one count of possession of marijuana, a minor misdemeanor and in violation of section 2925.11 of the Revised Code. On April 4, 2014, Appellant pleaded guilty to the marijuana trafficking and heroin possession charges and was sentenced

to twelve months' imprisonment on each count, to run consecutive to each other and his current sentence.

{¶3} On September 29, 2014, the trial court allowed Appellant to withdraw his plea, vacated the judgment of conviction, and set the matter for a pretrial. On June 22, 2015, Appellant filed a motion to dismiss the indictment on speedy trial grounds, pursuant to R.C. 2945.71. On July 2, 2015, Appellant pleaded guilty to the same marijuana trafficking and heroin possession charges as he did previously. He received the same sentence, twelve months of imprisonment on each count, to run consecutive to each other and to his current sentence. Appellant has filed a timely notice of appeal.

### ANDERS BRIEF

{¶4} Under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), counsel may ask permission to withdraw from a case when counsel has conscientiously examined the record, can discern no meritorious claims for appeal, and has determined the case to be wholly frivolous. *Id.* at 744; *State v. Adkins,* 4th Dist. Gallia No. 03CA27, 2004-Ohio-3627, ¶ 8. Counsel's request to withdraw must be accompanied with a brief identifying anything in the record that could arguably support the client's appeal. *Anders* at 744; *Adkins* at ¶ 8. Further, counsel must provide the defendant with a copy of

the brief and allow sufficient time for the defendant to raise any other issues, if the defendant chooses to. *Id.*

{¶5} Once counsel has satisfied these requirements, the appellate court must conduct a full examination of the trial court proceedings to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. *Id.* If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. *Anders* at 744; *State v. Duran,* 4th Dist. Ross No. 06CA2919, 2007-Ohio-2743, ¶ 7.

{¶6} In the current action, Appellant's counsel advises that the appeal is wholly frivolous and has requested permission to withdraw. Pursuant to *Anders,* counsel has filed a brief raising one potential assignment of error for this Court's review.

POTENTIAL ASSIGNMENT OF ERROR

"1.    WHETHER THE TRIAL COURT ERRED IN OVERRULING
       DEFENDANT'S MOTION TO DISMISS ON SPEEDY TRIAL
       GROUNDS, PURSUANT TO R.C. 2945.71."

A. STANDARD OF REVIEW

{¶7} "Upon review of a speedy-trial issue, a court is required to count

the days of delay chargeable to either side and determine whether the case was tried within applicable time limits." *State v. Bailey,* 4th Dist. Ross No. 14CA3461, 2015-Ohio-5483, ¶ 15, quoting *State v. Bailey,* 4th Dist. Scioto No. 09CA3287, 2010-Ohio-2229, ¶ 56, quoting *State v. Sanchez,* 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, at ¶ 8. "Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact." *State v. Eldridge,* 4th Dist. Scioto No. 02CA2842, 2003-Ohio-1198, at ¶ 5, citing *State v. Brown,* 131 Ohio App.3d 387, 391, 722 N.E.2d 594 (4th Dist.1998); *State v. Kuhn,* 4th Dist. Ross No. 97CA2307, 1998 WL 321535. "We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case." *Eldridge* at ¶ 5, citing *Brown* at 391, 722 N.E.2d 594. Finally, we must "strictly construe the speedy trial statutes against the state[.]" *Brecksville v. Cook,* 75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706.

## B. LEGAL ANALYSIS

{¶8} Appellate counsel's brief sets forth the only possible issue presented for review and argument that the trial court erred in

overruling his motion to dismiss on speedy trial grounds, pursuant to R.C. 2945.71.  Appellant's motion to dismiss was filed on June 22, 2015. Appellate counsel points out the record before us does not contain a waiver of Appellant's right to a speedy trial.  Appellate counsel asserts that the record is replete with continuances and delays in bringing Appellant's case to trial within the statutory limits set forth in the Ohio Revised Code.

{¶9} The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial in all criminal prosecutions. *State v. Bailey,* 4th Dist. Ross No. 14CA3461, 2015-Ohio-5483, at ¶ 17; *State v. Sweat,* 4th Dist. Ross No. 14CA3439, 2015-Ohio-2689, ¶ 13.  That guarantee is applicable to the states through the Fourteenth Amendment Due Process Clause. *Klopfer v. North Carolina,* 386 U.S. 213, 222-223, 87 S.Ct. 988, (1967).  Similar protection is afforded under Section 10, Article I of the Ohio Constitution. *See State v. Meeker,* 26 Ohio St.2d 9, 268 N.E.2d 589 (1971), paragraph one of the syllabus ("The provisions of Section 10, Article I of the Ohio Constitution and of the Sixth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, guarantee to a defendant in a criminal case the right to a speedy trial."). Furthermore, Ohio law also includes a statutory speedy trial right. *See* R.C. 2945.71 et seq.

{¶10} The United States Supreme Court has recognized that delays are unavoidable in the criminal justice system, and has determined that whether a prosecution has been constitutionally speedy depends upon the particular facts and circumstances of each case. *State v. Bailey,* 4th Dist. Ross No. 14CA3461, 2015-Ohio-5483, at ¶ 18; *Sweat, supra* at ¶ 14. *See Barker v. Wingo,* 407 U.S. 514, 522, 92 S.Ct. 2182, (1972).  Appellant has limited his argument to an alleged deprivation of a statutory speedy trial.

{¶11} R.C. 2945.71 provides that a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days after arrest. *Id.* at (C)(2). *State v. Bailey,* 4th Dist. Ross No. 14CA3461, 2015-Ohio-5483, at ¶19.  If an accused is not brought to trial within the statutory time limit, the accused must be discharged. R.C. 2945.73(B). However, R.C. 2945.71 time limits can be extended for any reason set out in R.C. 2945.72, but those extensions must be strictly construed against the State. *See State v. Alexander,* 4th Dist. Scioto No. 08CA3221, 2009-Ohio-1401, ¶ 17; *State v. Monroe,* 4th Dist. Scioto No. 05CA3042, 2007-Ohio-1492, ¶ 27.  The original indictment arose as a result of alleged criminal activities occurring at an apartment on Glover Street in Portsmouth, Ohio. Appellant was arrested on April 30, 2013.  He filed his motion to dismiss on

June 22, 2015.[2]  It appears that because 795 days elapsed during the relevant time period, Appellant's statutory speedy trial rights were violated and that Appellant has proven a per se violation of the statute.  However, having conducted a de novo review of the record, we find Appellant's statutory speedy trial rights were not in fact violated.  In analyzing Appellant's argument, we have found *State v. Castro,* 13 N.E.3d 720, 2014-Ohio-2348 (8th Dist.) to be instructive.

{¶12} Castro was indicted and convicted of two counts of sexual battery.  His guilty plea was subsequently vacated.  He later pleaded no contest and filed a timely appeal.  On appeal, Castro argued his trial counsel was ineffective for failing to file a motion to dismiss a reinstated indictment on the basis that Castro's statutory and constitutional rights to a speedy trial were violated.  However, the appellate court found no merit to Castro's claims that his right to a speedy trial was violated and, therefore, his counsel's performance could be deemed ineffective.

{¶13} Castro pointed out that over 300 speedy trial days elapsed between his arrest in December 2011 and his no-contest plea in May 2013. The appellate court observed, however, that Castro originally pleaded guilty

---

[2] We observe that the trial court did not rule on Appellant's motion to dismiss when Appellant changed his plea on July 6, 2015.  A motion that is not expressly ruled upon when a case is concluded is presumed overruled. *State ex rel. Mender v. Chauncey,* 4th Dist. Athens No. 14CA27, 2015-Ohio-3559, ¶ 27; *Kastelnik v. Helper,* 96 Ohio St.3d 1, 3, 2002-Ohio-2985, 770 N.E.2d 58; *Physiatrists Associates of Youngstown, Inc. v. Saffold,* 11th Dist. Trumbull No. 2003–T–0038, 2004-Ohio-2793, at ¶ 18.

in October 2012.  The Eighth District previously considered the effects of a

defendant's plea and a subsequent order vacating his plea upon the statutory

right to a speedy trial in *State v. McAllister,* 53 Ohio App.2d 176, 372

N.E.2d 1341 (8th Dist.1977).

{¶14} In *McAllister,* the court held that "[t]he provisions of Ohio's

speedy trial statutes, R.C. 2945.71 et seq., are directed solely to an original

trial following the arrest of a defendant, and have no application to the time

within which a defendant must be tried following the vacation of a no

contest plea on his own motion." *Castro, supra,* at ¶ 20, quoting *McAllister*

at 178, 372 N.E.2d 1341; *State v. Hull,* 110 Ohio St.3d 183, 2006-Ohio-

4252, 852 N.E.2d 706, ¶ 20.  The *Castro* court held:

> "This rationale extends to situations, such as the current one,
> where a defendant's guilty plea is vacated, because the guilty
> plea acted as the original trial proceeding satisfying the
> statutory requirement that the defendant be brought to trial
> within the 270-day period. *State v. Davis,* 2nd Dist.
> Montgomery No. 16050, 1997 WL 435687 (July 18, 1997);
> *State v. Johnson,* 2nd Dist. Montgomery No. 23908, 2011-
> Ohio-1286, 2011 WL 941596. Castro's statutory right to a
> speedy trial was not violated. Castro pleaded guilty to the
> original indictment terminating his statutory right to a speedy
> trial." *Id.* at 21.

{¶15} Here, we begin by setting forth the following timeline:

April 30, 2013          Appellant arrested on pertinent
                        charges.

| June 4, 2013 | Case dismissed.[3] |
|---|---|
| September 26, 2013 | Appellant indicted. |
| November 15, 2013 | Appellant arraigned. The pleadings appear to indicate Appellant was served the indictment in open court at arraignment. At this point, 164 days had elapsed between the date Appellant's charges were dismissed in June and he was served with the indictment.[4] |
| November 21, 2013 | Defendant's request for discovery. |
| December 9, 2013 | State's response to discovery. 18 days had elapsed between Defendant's request and the State's response. |
| December 11, 2013 | Defendant's motion to continue trial. |
| December 20, 2013 | Defendant's motion granted.  9 days had elapsed. |
| January 13, 2014 | Defendant's pro se request for independent testing. |
| January 14, 2014 | Defendant's motion denied. One day elapsed between Defendant's motion and the court's denial. |

---

[3] An October 17, 2013 entry in the trial court proceedings indicates Appellant's case was re-filed, having previously been dismissed in case numbers 13CR390 and 13CR420.  According to the Scioto County Common Pleas Court website, 13CR390 was the case number assigned to Appellant's co-defendant, Dawn Bissell, and 13CR420 was the case number assigned to Appellant.  These cases were dismissed on June 4, 2013.  Therefore, Appellant was not being held on the Scioto County charges after June 4, 2013.  Both trial courts and appellate courts can take judicial notice of filings readily accessible from a court's website. *In re Helfrich,* 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, ¶ 35*; State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 974 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet).

[4] The pleading docket accompanying the appellate file indicates Appellant was brought to Scioto County from the Ross Correctional Institute for arraignment and subsequent court appearances.  Service of summons on the indictment is not indicated prior to arraignment on November 15, 2013.

| | |
|---|---|
| January 27, 2014 | Superseding indictment filed. (Forfeiture specification) |
| January 30, 2014 | State's supplemental response to discovery. |
| January 30, 2014 | State's response to request for discovery. |
| February 4, 2014 | Defendant's request for new counsel. Counsel's motion to withdraw. |
| February 4, 2014 | State's motion for continuance of trial. |
| February 20, 2014 | State's motion to continue granted. Time to be tolled and charged against defendant.[5] The time elapsed between the date of the motion to continue and its grant was 16 days. |
| April 4, 2014 | Appellant entered plea of guilty. |

{¶16} Here, Appellant was arrested on April 30, 2013. He entered a plea on April 4, 2014. During that time, 339 days had elapsed. As previously discussed in *Castro,* the Ohio speedy trial statutes are directed solely to the original trial following arrest. The statutory speedy trial provisions have no application to the time within which a defendant must be tried following vacation of a no contest plea on one's own motion. *Castro, supra,* at ¶ 20, quoting *McAllister* at 178, 372 N.E.2d 1341.

---

[5] The State's motion to continue trial was filed on the same day as a defense motion to withdraw as counsel. New counsel was subsequently appointed and the relevant time tolled would have been 9 days. However, the State's (simultaneous) motion to continue was not granted until February 20, 2014. We perceive the entry granting continuance which states the time is to be charged against the defendant to be a scrivener's error.

Appellant's motion to vacate his plea terminated his right to statutory

speedy trial after his April 4, 2014 plea to the original indictment.[6]

{¶17} Therefore, counting the number of days tolled due to the case

being dismissed once, the failure to serve Appellant until November 2013,

Appellant's discovery requests, the parties' motions to continue, and the

defendant's request for new counsel (filed on the same day as the State's

motion to continue), we arrive at 208 days in total.  As such, subtracting

208 from 339 indicates Appellant was tried within 131 days, well within

the 270-day statutory limit.  As in *Castro*, we find no statutory violation.

{¶18} Normally, due to the fact Appellant did not raise a

constitutional argument, as well as our above resolution of Appellant's

statutory argument, further analysis would be foreclosed.  However, in the

context of an Anders review, where we fully examine the trial court

proceedings, we have also analyzed Appellant's speedy trial claim within

the constitutional realm.  We also find no constitutional violation.

{¶19} In *Castro*, the appellate court also found Castro's constitutional

speedy trial rights were not violated.  In analyzing Castro's claim, the

appellate court recognized there are four broad factors within the framework

for analyzing constitutional speedy-trial claims: the length of delay, the

---

[6] We note the principal established in the case law does not differentiate between the guilty plea in *Castro* and the no contest plea in *McAllister*.

reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 22; *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182. The length of delay is the triggering mechanism. *State v. Kraus,* 2nd Dist. Greene No. 2011-CA-35, 2013-Ohio-393, 2013 WL 492850, ¶ 23, citing *Barker.* " 'Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.' " *Id.,* quoting *Barker.* "Generally, courts have found that a delay approaching one year becomes 'presumptively prejudicial.' " *State v. Winn*, 8th Dist. Cuyahoga No. 98172, 2012-Ohio-5889, 2012 WL 6513616, ¶ 44, citing *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, (1992), fn. 1.

{¶20} In *Winn,* the appellate court determined that over a year and a half between the arrest and the defendant's trial was not presumptively prejudicial because the defendant "requested numerous continuances, filed many motions, changed counsel, and underwent competency evaluations[,]" and was arrested pursuant to a capias issued when he failed to appear for pretrial hearings. *Winn* at ¶ 44. This court found that all of these delays were for the defendant's benefit and thus contributed to the delay in timely prosecuting. *Id.; Castro* at 23. *Castro* states at ¶ 24:

> "Similarly, this case was pending for less than one and a half
> years from Castro's arrest to his no-contest plea in May 2013.

During that time, Castro requested numerous continuances, filed many motions, and criminally conspired with his counsel - causing the trial court to vacate his original guilty plea. In light of these specific sets of circumstances, we are not persuaded that the delay was so presumptively prejudicial as to trigger consideration of the *Barker* factors. Further, even if we found the delay presumptively prejudicial, Castro is unable to demonstrate any prejudice. His sole claim of prejudice assumes that he was somehow incapable of mounting an effective defense because of the year-and-a-half delay between his arrest and his no-contest plea. Castro failed to substantiate any such prejudice in the record presented on appeal, and our independent review finds no such prejudice."

{¶21} Again, in this case, Appellant's arrest date is April 30, 2013 and he entered a plea on April 4, 2014. This is not quite one year. However, as in *Castro,* we do not find the approach of one year presumptively prejudicial so as to trigger consideration of the remaining *Barker* factors. Appellant filed a request for discovery, a motion to continue, a pro se motion, and a request for new counsel. In addition, further delays were caused by Appellant's pro se motion to vacate or set aside judgment of conviction of sentence, a pro se motion for summary judgment, a request to represent himself, and the request of two subsequently appointed attorneys to withdraw from representation of him.

{¶22} As in *Castro,* Appellant contributed to the delays in bringing him to trial. Appellant herein has not substantiated any prejudice in the record. We find no constitutional violation of his speedy trial guarantees.

**{¶23}** We have reviewed the record in its entirety and find no error which resulted in prejudice to Appellant. As such, we conclude that the potential assignment of error advanced by appellate counsel is wholly without merit. The motion of counsel for Appellant requesting to withdraw as counsel is granted. This appeal is dismissed for the reason that it is wholly frivolous.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED.  Costs are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment and Opinion.
Harsha, J.:   Concurs in Judgment Only.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**